1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BARBARA A. PINKSTON,

    *Petitioner,*

vs.

SHERYL FOSTER, *et al.,*

    *Respondents.*

2:07-cv-01305-KJD-LRL

ORDER

    This represented habeas matter under 28 U.S.C. § 2254 comes before the Court on respondents' motion (#30) to dismiss, which seeks the dismissal of Grounds 2, 3, 5 and 6 as procedurally defaulted, as well as upon an outstanding motion (#31) for an extension.

## *Background*

    Petitioner Barbara Pinkston seeks to set aside her 1997 Nevada state conviction, pursuant to a jury verdict, of first degree murder with the use of a deadly weapon.

    Respondents previously sought to dismiss, *inter alia*, Grounds 2, 3, 5 and 6 for lack of exhaustion. Petitioner contended in response, *inter alia*, that the claims were exhausted because they were procedurally defaulted, maintaining that "[a]ny post-conviction petition filed now would be vigorously argued by Respondents to be both untimely and successive."[1]

    In its order on the earlier motion to dismiss, this Court noted that the standards for avoiding a procedural bar in the Nevada state courts are substantially the same as the standards applied in federal court. Accordingly, the Court, in prior cases, has declined to hold

---

[1]#28, at 22.

1   that claims were exhausted on the basis that they would be procedurally barred in Nevada

2   state court absent an unequivocal stipulation that the petitioner would not be able to

3   demonstrate cause and prejudice to overcome the state procedural bar in the Nevada state

4   courts, that the petitioner could not avoid the state procedural bar on a showing of actual

5   innocence, and that the procedural bars otherwise now are consistently applied by the

6   Nevada state courts.  In the absence of such concessions, the Court has declined to hold that

7   there is no possibility that unexhausted claims would be considered by the Nevada state

8   courts based upon a state procedural bar.[2]

9        The Court found that the present case was distinguishable, however, as to Grounds

10   2, 3, 5 and 6.  The Court noted that the only argument that would appear to be practically

11   available to petitioner for overcoming a state procedural bar as to these substantive claims

12   would be a claim of cause and prejudice based upon ineffective assistance of appellate

13   counsel in failing to raise the substantive claims on direct appeal.  On a prior state post-

14   conviction petition, the Supreme Court of Nevada rejected petitioner's claims that appellate

15   counsel was ineffective for failing to raise the underlying substantive claims on direct appeal.

16   This Court concluded that "[t]he likelihood that the Supreme Court of Nevada would revisit its

17   holding on the ineffective assistance claim rather than apply the law of the case doctrine to

18   a claim of cause and prejudice based upon such alleged ineffective assistance is virtually nil."[3]

19   The Court accordingly held that Grounds 2, 3, 5 and 6 were technically exhausted because

20   the substantive claims would be procedurally barred in the state courts, subject to

21   respondents' ability to pursue a motion to dismiss the claims in federal court on the basis of

22   procedural default.[4]

23        In the present motion, respondents seek the dismissal of these grounds on the basis

24   that they would be barred under Nevada law as "both untimely and successive." #30, at 6.

25   

26   [2]#29, at 6-7.

27   [3]E.g., #29, at 8.

28   [4]#29, at 8, 10-11, 14 & 15.

1

***Governing Law***

2        Under the procedural default doctrine, federal review of a habeas claim may be barred

3 if the state courts rejected the claim on an independent and adequate state law ground due

4 to a procedural default by the petitioner.  Review of a defaulted claim will be barred even if

5 the state court also rejected the claim on the merits in the same decision.  Federal habeas

6 review will be barred on claims rejected on an independent and adequate state law ground

7 unless the petitioner can demonstrate either: (a) cause for the procedural default and actual

8 prejudice from the alleged violation of federal law; or (b) that a fundamental miscarriage of

9 justice will result in the absence of review.  *See,e.g.,Bennet v. Mueller*, 322 F.3d 573, 580 (9th

10 Cir. 2003).

11        To demonstrate cause, the petitioner must establish that some external and objective

12 factor impeded his efforts to comply with the state's procedural rule.  *E.g., Murray v. Carrier*,

13 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)*; Hivala v. Wood*, 195 F.3d

14 1098, 1105 (9th Cir. 1999).  To demonstrate prejudice, he must show that the alleged error

15 resulted in actual harm.  *E.g., Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998).    Both

16 cause and prejudice must be established.  *Murray*, 477 U.S. at 494, 106 S.Ct. at 2649.

17

***Discussion***

18

***Applicable State Procedural Bars***

19        Petitioner urges, first, as follows:

20
21
22
23

> Given that this Court has found, and Respondents have agreed, that the Nevada Supreme Court would decline to review the merits of Ms. Pinkston's grounds for relief on the basis that it has done so already, i,e., because of law of the case, no bar to federal habeas review has resulted. <u>Cone v. Bell</u>,      U.S.     , 129 S. Ct.1769, 1781 (2009); <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 804, n.3 (1991).

24 #32, at 4.

25        Petitioner misstates the Court's prior holding.

26        This Court made no holding that the state supreme court would decline to review the

27 merits of the substantive claims in Grounds 2, 3, 5 and 6 by applying law of the case doctrine

28 to those substantive claims.

1    The Court instead held that "[t]he likelihood that the Supreme Court of Nevada would

2    revisit its holding on the *ineffective assistance claim* rather than apply the law of the case

3    doctrine to *a claim of cause and prejudice based upon such alleged ineffective assistance* is

4    virtually nil."[5]  Petitioner, in opposing the prior motion to dismiss on the basis of exhaustion,

5    posited that the state supreme court would reject the substantive claims in Grounds 2, 3, 5

6    and 6 as "both untimely and successive."  This Court held that the chances that the state

7    supreme court would find that petitioner could establish cause and prejudice as to *these*

8    procedural bars were virtually nil because that court already had rejected claims that appellate

9    counsel had been ineffective for failing to raise the substantive claims on direct appeal.

10    Respondents now seek the dismissal of the substantive claims as procedurally defaulted

11    because they would be found untimely and successive, not on the basis of law of the case.

12    This Court, again, made no holding that the substantive claims in Grounds 2, 3, 5 and

13    6 would be barred by law of the case if he returned to state court.  Respondents' present

14    motion to dismiss similarly is not based upon a premise that the law of the case would be

15    applied to the substantive claims.  *Cone* and *Ylst* have nothing to do with this case.[6]

16    ***Adequate State Law Ground***

17    Petitioner next contends that the procedural bars that were invoked by respondents,

18    under N.R.S. 34.726 and N.R.S. 34.810, do not constitute "adequate" state law grounds for

19    purposes of the procedural default doctrine.  Petitioner contends that the procedural bars

20    were not clear, consistently applied, or well-established.

21    In order for a state procedural rule to be "adequate" to support the state court

22    judgment, the state rule must be clear, consistently applied, and well established at the time

23

---

24    [5]E.g., #29, at 8 (emphasis added).

25    [6]An argument based upon such a misstatement of the Court's prior holding is, at best, unpersuasive.

26    Petitioner rehashes an argument from the earlier motion to dismiss that the state supreme court's

27    rejection of the claim of ineffective assistance of appellate counsel constituted a rejection of the substantive claim, such that the underlying substantive claim was exhausted.  This Court rejected all such arguments. See,e.g., #29, at 11.  Exhaustion of a claim of ineffective assistance of appellate counsel does not exhaust

28    the underlying substantive claim.

1  of the petitioner's purported default.  *See,e.g., Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir.

2  2005).  A state law procedural rule is adequate if the state courts followed the rule "in the vast

3  majority of cases" during the relevant time.  *Dugger v. Adams*, 489 U.S. 401, 410 n. 6, 109

4  S.Ct. 1211, 1217 n.6, 103 L.Ed.2d 435 (1989);  *Moran v. McDaniel*, 80 F.3d 1261, 1270 (9th

5  Cir. 1996).   A demonstration that the state courts allegedly departed from a consistent

6  application of the state procedural rule in only a "few cases" fails to establish that the state

7  courts do not regularly and consistently apply the procedural rule.  *Dugger*, 489 U.S. at 410

8  n.6, 109 S.Ct. at 1217 n.6 (the Supreme Court held that the state procedural rule constituted

9  an adequate state law ground where the habeas petitioner presented only five cases with

10  arguably inconsistent applications of the rule).

11        In *Bennett v. Mueller*, 322 F.3d 573 (9th Cir. 2003), the Ninth Circuit established a

12  burden-shifting analysis for determining whether a state procedural rule constitutes an

13  adequate state law ground for purposes of the federal procedural default doctrine.  Under

14  *Bennett*, the State has the ultimate burden of proving the adequacy of the state procedural

15  bar. However, the petitioner initially must come forward with case law allegedly demonstrating

16  inconsistent application of the rule:

17
18           Once the state has adequately pled the existence of an
   independent and adequate state procedural ground as an
19           affirmative defense, *the burden to place that defense in issue
   shifts to the petitioner.*  The petitioner may satisfy this burden by
20           asserting specific factual allegations that demonstrate the
   inadequacy of the state procedure, *including citation to authority
21           demonstrating inconsistent application of the rule.* Once having
   done so, however, the ultimate burden is the state's.

22  322 F.3d at 586 (emphasis added).

23        The Court looks first to N.R.S. 34.726(1), which provides for a one-year limitation

24  period for state post-conviction petitions.  When a habeas petitioner challenges the

25  consistency of a state's application of a time bar, the court must look to the consistency of the

26  application of the time-bar rule both at the time that the limitations period began running

27  following the denial of the direct appeal and at the time that the time bar was applied in

28  denying post-conviction relief.  *See,e.g., High v. Ignacio*, 408 F.3d 585, 589 (9th Cir. 2005).

1   In this case, the Court thus looks to the consistency of the Nevada Supreme Court's
2   application of N.R.S. 34.726(1) both at the time that petitioner's direct appeal was denied in
3   2000 and at the time that the time bar would be applied on state post-conviction review
4   currently in 2010.

5       The Ninth Circuit consistently has rejected the argument that the Supreme Court of
6   Nevada inconsistently applies the one-year time bar in N.R.S. 34.726(1) generally for time
7   periods up through 1996.  *See Collier*, 408 F.3d at 1285; *Loveland v. Hatcher*, 231 F.3d 640,
8   642-63 (2000)(as of 1993); *Moran*, 80 F.3d at 1269-70 (as of 1996); *see also High*, 408 F.3d
9   at 590 (discussing rejection of the inconsistency argument as to N.R.S. 34.726(1) in rejecting
10  the same argument regarding an earlier Nevada provision).  When the Ninth Circuit has held,
11  as it held in the foregoing cases with regard to N.R.S. 34.726(1), that the state procedural rule
12  has been consistently applied, the petitioner then has the burden of citing state court cases
13  demonstrating a subsequent inconsistent application of the state rule.  *E.g., King v.*
14  *Lamarque*, 464 F.3d 963, 966-67 (9th Cir. 2006).

15      In this case, petitioner has not presented any Nevada case law in any way indicating
16  that – subsequent to the period considered in the foregoing Ninth Circuit authorities – the
17  Supreme Court of Nevada applied the one-year time bar in N.R.S. 34.726(1) inconsistently,
18  whether in 2000, in 2010, or at any point in between.  Petitioner cites to three Nevada state
19  cases pertaining to the contemporaneous objection requirement in order to preserve sundry
20  trial errors for review on direct appeal.[7]  These cases have nothing to do with the application
21  of N.R.S. 34.726(1).  Under established law, cases that concern other procedural rules and

22  _____

23      [7]See cases cited in #32, at 12-13.  The cited portion of *Koerner v. Grigas*, 328 F.3d 1039, 1047 (9th
    Cir. 2003), also has nothing to do with the application of N.R.S. 34.726(1) and is inapposite.  If petitioner
24  were to establish that the state courts potentially would overlook the state procedural bars "without any
    apparent rhyme or reason," see #32, at 12, line 19, the predicate for this Court's exhaustion ruling would be
25  removed.  The Court's prior ruling was premised upon there being no possibility of state court review of the
    claims at this point.  If petitioner were to establish that that is not the case, on the basis that the state courts
26  overlook the procedural bars, this Court would vacate its prior order and require petitioner to either dismiss
    the unexhausted claims or seek other appropriate relief to address the mixed petition.  Petitioner cannot have
27  it both ways.  In this context, the claims either are exhausted because they now would be procedurally barred
    in the state courts or there is a possibility that the state courts would hear the claims because they allegedly
28  do not consistently apply the procedural bars, such that the claims then are not exhausted.

1   that do not discuss the application of the procedural rule barring an untimely post-conviction

2   petition "are not relevant" to the question of whether N.R.S. 34.726(1) has been consistently

3   applied. *Moran*, 80 F.3d at 1270. Petitioner cites no Nevada case law in any way indicating

4   an inconsistent application of N.R.S. 34.726(1) during the relevant time period, from 2000

5   through the current time.

6        In the absence of any authority showing that the state courts apply N.R.S. 34.726(1)

7   inconsistently, the Court must presume that the state procedural rule is adequate. *See High,*

8   408 F.3d at 590. The Court holds that N.R.S. 34.726(1) constituted an adequate state law

9   ground at the relevant time for purposes of the procedural default doctrine.

10       The Court therefore need not reach any issue as to whether N.R.S. 34.810 also would

11   constitute an adequate state law ground in this case.

12   ***Cause and Prejudice***

13       As the Court noted in the prior order, the only argument that would appear to be

14   practically available for overcoming the state procedural bars to Grounds 2, 3, 5 and 6 is an

15   argument seeking to establish cause and prejudice based upon ineffective assistance of

16   appellate counsel in failing to raise the claims on direct appeal.[8]

17       In the opposition to the present motion, petitioner, "for the sake of brevity," merely

18   incorporated by reference the allegations of ineffective assistance from the amended petition.

19   Respondents did not file a reply memorandum. The motion to dismiss otherwise did not

20   address the particulars of the claims of ineffective assistance of counsel as a basis for a claim

21   of cause and prejudice, which is a matter as to which petitioner has the burden of proof.

22       The Court thus is presented with minimal specific argument by the parties as to what

23   is the central issue in adjudicating the application of the procedural default doctrine as to

24   Grounds 2, 3, 5 and 6. Given that Ground 9 of the amended petition alleges ineffective

25   assistance of appellate counsel for failure to present these federal substantive claims, the

26   Court will defer further consideration of the procedural default defense as to these claims until

27   _____

28       [8]See, e.g., #29, at 7-8.

-7-

after the filing of an answer and reply that more fully addresses the related claims of ineffective assistance of appellate counsel.

### *Evidentiary Hearing Request*

Petitioner makes a conclusory form request for an evidentiary hearing without identifying any specific issues warranting an evidentiary hearing on the motion. Adjudication of claims of ineffective assistance of appellate counsel does not require an evidentiary hearing. If additional factual material is pertinent to a motion to dismiss, it is incumbent upon petitioner to tender such facts by affidavit or otherwise with the opposition to the motion. The request for an evidentiary hearing on this motion is denied.

IT THEREFORE IS ORDERED that respondents' motion (#30) to dismiss is DENIED without prejudice to the Court's further consideration of the procedural default defense as to Grounds 2, 3, 5 and 6 when it considers the merits of the claims of ineffective assistance of counsel based upon appellate counsel's failure to raise these substantive claims on direct appeal.

IT FURTHER IS ORDERED that, within forty-five (45) days of entry of this order, respondents shall file an answer to all remaining claims.

IT FURTHER IS ORDERED that, in the answer filed in response to this order, respondents shall address, separately and distinctly as to each ground under separate headings for Grounds 2, 3, 5 and 6, petitioner's claim that appellate counsel was ineffective for failing to raise each such claim on direct appeal. Such discussion shall identify the state supreme court's holding rejecting the corresponding ineffective assistance claim, together with argument addressed to the state court record materials supporting the state court decision. Respondents may cross-reference back to such discussion under Grounds 2, 3, 5 and 6 in responding to the pertinent portions of the ineffective assistance claims in Ground 9, so long as respondents otherwise fully respond to the remaining claims in Ground 9. Respondents need respond to Grounds 2, 3, 5 and 6 only as provided herein, *i.e.*, within the context of the claim of cause and prejudice based upon alleged ineffective assistance of appellate counsel. If the Court determines as a threshold matter that petitioner has established cause and

-8-

prejudice as to a claim or claims based upon ineffective assistance of appellate counsel, the Court will review the merits of any such underlying substantive claim as a non-defaulted claim on *de novo* review.

IT FURTHER IS ORDERED that petitioner may file a reply to the answer within forty-five (45) days of service.

IT FURTHER IS ORDERED that petitioner's motion (#31) for an enlargement of time to file an opposition to the present motion to dismiss is GRANTED *nunc pro tunc*.

**No extensions of time will be granted to the deadlines established herein absent extraordinary circumstances.**

DATED: March 30, 2010

_____
KENT J. DAWSON
United States District Judge