# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

BARBARA A. PINKSTON,

    *Petitioner*,

vs.

SHERYL FOSTER, *et al.*,

    *Respondents*.

2:07-cv-01305-KJD-LRL

ORDER

    This represented habeas matter comes before the Court on petitioner's motion (#59) for leave to file an amended petition and petitioner's associated motion (#65) for an extension of time to file a reply memorandum. Petitioner seeks to amend the petition to add a claim that the failure to apply subsequent authority changing the law to a case such as hers that was not final at the time of the decision changing the law violated petitioner's right to due process pursuant to *Bunkley v. Florida*, 538 U.S. 835 (2003).

### *Background*

    Petitioner Barbara Pinkston seeks to set aside her 1997 Nevada state conviction, pursuant to a jury verdict, of first degree murder with the use of a deadly weapon.

    In Ground 3, petitioner alleges that she was denied due process in violation of the Fifth and Fourteenth Amendments because the trial court's jury instructions allegedly failed to adequately distinguish between the elements of malice aforethought, premeditation, and deliberation. The instruction given in petitioner's case constituted what is referred to under Nevada state practice as a *Kazalyn* instruction, as a substantially similar instruction first

appeared in a published decision in *Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992). The Supreme Court of Nevada later concluded in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), that the *Kazalyn* instruction "blur[red] the distinction between first- and second-degree murder" by not sufficiently distinguishing between the distinct elements of deliberation and premeditation. *See* 116 Nev. at 235, 994 P.2d at 713.

This Court granted a conditional writ of habeas corpus based on its holdings that Ground 3 was technically exhausted by procedural default and that petitioner could establish cause and prejudice to overcome the procedural default of the claim based upon ineffective assistance of appellate counsel on direct appeal in failing to raise the challenge to the *Kazalyn* instruction based upon the federal constitutional claim. The Court held that the underlying due process claim had merit under the Ninth Circuit's holding in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), that the *Kazalyn* instruction violated due process.

The Ninth Circuit reversed and remanded.

During the appeal in this case, the Ninth Circuit held in *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013), that the state supreme court's intervening decision in *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008), had "effectively overruled" *Polk*. 719 F.3d at 1029. The *Babb* panel further held, however, that the failure to apply the *Byford* instruction to cases that were not final at the time *Byford* was decided violates due process, relying upon, *inter alia*, *Bunkley*. 719 F.3d at 1030-33.

In the present case, the Ninth Circuit stated that, under the intervening authority in *Babb*, "[t]he holding in *Polk* that the *Kazalyn* instruction violated federal due process no longer dictates a finding that the claim would have won on these grounds." #52, at 5. The Court of Appeals held that petitioner could not demonstrate ineffective assistance of appellate counsel in failing to raise the federalized claim to overcome the procedural default of the claim.

On remand, petitioner seeks to amend to add a claim based upon *Bunkley* that the failure to apply *Byford* to her case, which was not final at the time, violated her right to due process pursuant to *Bunkley*.

/ / / /

### *Discussion*

The Court is not persuaded that the Ninth Circuit's remand for "further consideration of the remaining grounds of Pinkston's petition" precludes the petitioner from adding to those grounds by amendment on remand. The Court makes no determination at this juncture as to whether amending to add such a closely related amended ground – which could have been presented previously when litigating the closely related due process claim in Ground 3[1] – itself is barred by law of the case.

There of course is a substantial question as to whether petitioner can present an ultimately viable *Bunkley* claim in this action.

On the one hand, if the *Bunkley* claim *arguendo* also is technically exhausted by procedural default, petitioner has a steep hill to climb in order to establish ineffective assistance of appellate counsel to overcome that default, assuming *arguendo* exhaustion also of that claim. On appeal, the Ninth Circuit held that appellate counsel "is not required to anticipate that state law may change and that state courts will fail to apply that change appropriately such that the defendant will have to seek a remedy through federal habeas proceedings." #52, at 6-7. Reliance on ineffective assistance of appellate counsel to overcome a procedural default of the *Bunkley* claim essentially would ask appellate counsel back in 2000 to have had the further prescience to base a federal due process claim on Supreme Court authority that would not be on the books for three more years. *Cf. Babb*, 719 F.3d at 1032 ("While *Griffith* alone would not be sufficient to invalidate Babb's conviction because the change at issue was a change in state law . . . *Bunkley* confirmed that it is a violation of due process not to apply changes in state law to a petitioner's conviction that was not final at the time the change occurred.").

---

[1]The Court is not necessarily persuaded by petitioner's argument that she could not have raised a *Bunkley* claim prior to the *Babb* decision. Regardless of whether or not petitioner was prevailing on Ground 3 at a particular time, nothing stood in the way of petitioner presenting a *Bunkley* claim in the first amended petition filed on May 30, 2008. The petitioner in *Babb* did in her case, without waiting during any favorable or unfavorable holding by this Court or the Ninth Circuit. This one factor standing alone, however, does not necessarily preclude a grant of leave to amend.

On the other hand, if the *Bunkley* claim instead *arguendo* is actually exhausted as petitioner argues[2] rather than only technically exhausted, then the claim arguably will have been addressed on the merits and thus be subject to deferential AEDPA review. It then would appear that the *Bunkley* claim would have difficulty surmounting the recent panel decision in *Moore v. Helling*, ___ F.3d ___, 2014 WL 3973407 (9th Cir., Aug. 15, 2014). *Moore* held that *Babb's Bunkley* holding, which was made on deferential AEDPA review, has been abrogated by the intervening Supreme Court authority in *White v. Woodall*, 134 S.Ct. 1697 (2014).

A petition for rehearing *en banc* currently is being briefed in *Moore*, however. If the Court of Appeals were to grant *en banc* review, the court of course would not be bound by any of the prior panel precedents or necessarily limited in the range of issues addressed.

It is not entirely clear when the *Kazalyn* merry-go-round – with one state or federal case after another substantially altering the prior landscape on the issue – will end.

But with a petition for *en banc* rehearing currently being briefed in the Ninth Circuit in *Moore*, the only certain thing that the Court is able to state is that the *Kazalyn* merry-go-round has not conclusively ended as yet.

The Court concludes that the better course in this instance would be to grant leave to amend so that the multiple issues concerning the *Bunkley* claim can be addressed on full briefing following the likely filing of a motion to dismiss. If *en banc* or *certiorari* proceedings still remain a possibility in *Moore* following the filing of the second amended petition, the Court may entertain a motion to extend the time to file a response to the pleading for at least a reasonable period to allow for the completion of such proceedings.

The Court states no definitive ruling as to any issue regarding the ultimate viability of the *Bunkley* claim being added, deferring such resolution until after briefing on the likely motion to dismiss.

The Court further notes that nothing herein limits petitioner from pursuing state court relief during the pendency of federal proceedings. That is, the matter of what claims

---

[2]See #66, at 12 ("therefore passed upon by the Nevada Supreme Court").

petitioner presents where and when is a matter to be determined by petitioner, subject then to applicable defenses. The Court expresses no opinion at this juncture as to whether a stay will be warranted in this matter.

On the amending petition, the Court would prefer that the prior numbering scheme not be altered with another claim then being substituted in the superceding pleading as Ground 3. That is, the Court would prefer that in all subsequent briefing in the action, in the district court and on review, the courts and the parties will be able to refer to the prior claim as Ground 3 without the need for explanatory footnotes explaining later renumbering. The Court leaves to petitioner's discretion the matter of whether to leave Ground 3 blank or instead carry forward the prior claim in the pleading. While the holding of the Court of Appeals that the ground is procedurally defaulted is law of the case, proceedings in this case nonetheless are continuing and subject to potential intervening authority.

In filing a superceding amended pleading that also carries forward multiple other claims as to which respondent previously has answered, petitioner shall clearly identify at the outset of the pleading any changes made to allegations or claims carried forward from the prior pleading. This order does not necessarily either permit or limit such changes. The order simply is requiring at this juncture that any such changes be clearly identified for the Court and respondents in reviewing the second amended petition. The parties will be able to adopt their prior answer and reply on the merits as to claims carried forward in the second amended petition. Briefing is not reopened on any of the prior claims at this juncture.

IT THEREFORE IS ORDERED that, following upon the mandate of the Court of Appeals, the Court's prior conditional grant of a writ of habeas corpus in its prior order (#42) is VACATED and that Ground 3 is DISMISSED with prejudice as procedurally defaulted.

IT FURTHER IS ORDERED that petitioner's motion (#59) for leave to file an amended petition is GRANTED, subject to the remaining provisions herein. Petitioner shall have **sixty (60) days** within which to file a second amended petition.

IT FURTHER IS ORDERED that respondents shall have **sixty (60) days** to file a response to the second amended petition, including by motion to dismiss, subject to

respondents' ability to seek extension based upon, *inter alia*, the status of requests for *en banc* or *certiorari* review in the *Moore* case discussed herein. Any such request for extension should be for a reasonable but definite time period, to allow the Court to continue to actively monitor the status of the action. All procedural defenses, including exhaustion, must be raised via single motion to dismiss. No procedural defenses, including exhaustion, shall be embedded in an answer on the merits. The prior answer may be adopted *in extenso* as to claims carried forward with no substantial change in the second amended petition.

IT FURTHER IS ORDERED that petitioner shall have **thirty (30) days** to file an opposition to a motion to dismiss or a reply to any answer filed. All other motions will be subject to the normal briefing cycle under the local rules.

IT FURTHER IS ORDERED that petitioner's motion (#65) for an extension of time to file a reply memorandum is GRANTED *nunc pro tunc*, in connection with the reply (#66) filed previously.

IT FURTHER IS ORDERED that the Clerk of Court shall reflect on the docket sheet and the electronic docketing system that the action is a reopened matter following upon the date of this order.

IT FURTHER IS ORDERED that, following upon the reversal by the Court of Appeals of this Court's grant of a conditional writ of a habeas corpus, the Clerk shall SEND a copy of this order to the Clerk of the Eighth Judicial District Court, in connection with that court's No. C130789.

DATED: September 19, 2014

_____
KENT J. DAWSON
United States District Judge