UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BARBARA A. PINKSTON,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br><br>SHERYL FOSTER, et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 2:07-cv-01305-KJD-GWF<br><br>ORDER |

　　　　This habeas petition is before the court pursuant to respondents' motion to dismiss ground 10 from the second amended petition (ECF No. 72).  Petitioner Pinkston has filed a counseled opposition to the motion to dismiss and in the alternative a motion for a stay in accordance with *Rhines v. Weber* pending the conclusion of her state postconviction proceedings (ECF No. 80).  Respondents filed no reply or opposition.

　　　　In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court placed limitations upon the discretion of the court to facilitate habeas petitioners' return to state court to exhaust claims.  The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.  *Cf*. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

1

*Rhines*, 544 U.S. at 277.

The Court went on to state that, "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thus, the court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines*, 544 U.S. at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011). "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014). "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will." *Id.* An indication that the standard is not particularly stringent can be found in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), where the Supreme Court stated that: "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust." *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).

This court will not repeat here the extensive procedural history of this case (*see e.g.*, ECF Nos. 42, 67). The court granted a conditional writ of habeas relief on an ineffective assistance of counsel claim, which the Ninth Circuit reversed and remanded in light of its decision several days earlier in *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013) (*see* ECF No. 67). Currently before this court is Pinkston's second amended

2

petition (ECF No. 69). Respondents have moved to dismiss ground 10 (ECF No. 72). Pinkston's second amended petition sets forth the nine grounds from her first amended petition (with placeholder, as instructed by this court) and adds ground 10 (ECF No. 69). As ground 10, Pinkston contends that the Nevada Supreme Court violated her Fifth and Fourteenth Amendment due process rights when it failed to apply the rule announced in *Byford v. State*, 994 P.2d 700, 712 (Nev. 2000) to her case because *Byford* narrowed the scope of conduct that could be defined as premeditated murder before Pinkston's conviction became final. *Id.* at 45-47. Pinkston has filed a counseled, state postconviction petition raising ground 10, which is currently on appeal to the Nevada Supreme Court (*See* ECF No. 80, exhibit 1; Nevada Supreme Court Case No. 68266). Thus, she seeks a stay of these federal proceedings while she litigates her state petition.

Pinkston argues that she clearly has a reasonable explanation for non-exhaustion. She characterizes this claim as "newly recognized," explaining that she has previously asserted a *Byford/Polk* claim that stated that the *Kazalyn* instruction violated due process as it did not require the jury to find each element of first degree murder beyond a reasonable doubt, while ground 10 is a *Babb/Bunkley* claim that asserts that the failure to apply *Byford* to her case violates due process because *Byford* narrowed the scope of conduct that could be defined as premeditated murder before Pinkston's conviction became final (ECF No. 80, p. 6).[1] Pinkston contends that ground 10 did not really ripen until the Ninth Circuit's decision in *Babb v. Lozowsky,* 719 F.3d 1019 (9th Cir. 2013). Pinkston also argues that, beginning in early 2009, this court essentially advised her that she did not need to return to state court to exhaust the claim notwithstanding the *Nika* decision (ECF No. 29, p. 11 n.18).[2] Finally, Pinkston points out that she had no reason to pursue the remedy after March 23, 2011, the date this

---

[1] Pinkston refers to the following cases: *Kazalyn v. State*, 825 P.2d 578 (Nev. 1992); *Byford v. State*, 994 P.2d 700, 712 (Nev. 2000); *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007); *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013); *Bunkley v. Florida*, 538 U.S. 835 (2003).

[2] Pinkston refers to *Nika v. State*, 198 P.3d 839, 850 (Nev. 2008).

court granted the conditional writ (ECF No. 42).  Pinkston argues that she demonstrates good cause under *Rhines* based on intervening changes in the law applicable to her case.  *See, e.g., Vernon v. LaMarque*, 2008 WL 618916, at *3 (N.D. Cal.) (intervening case law justifies stay under *Rhines*).

With respect to the merits of ground 10, as this court has previously noted, Pinkston is caught up in "the *Kazalyn* merry-go-round [which] has not conclusively ended as yet" (ECF No. 67, p. 4).  It certainly cannot be said that ground 10 is plainly meritless.  Further, the extensive litigation in state and federal court of her habeas claims in the face of frequent shifts in the relevant legal landscape demonstrate Pinkston's diligence and lack of dilatory tactics.

Finally, respondents have not opposed Pinkston's request for a stay.  The interplay of Nevada Supreme Court and Ninth Circuit opinions subsequent to the determination that the *Kazalyn* instruction was deficient strikes this court as a particularly appropriate instance when the state courts should have a fair opportunity to act on Pinkston's ground 10 before she presents it in a federal habeas petition.  As it is not clear that Pinkston has no available state corrective process on this ground, Pinkston shall be granted a stay of this federal habeas action while she litigates the state postconviction petition currently pending.

Accordingly, this court determines that Pinkston has satisfied the criteria for a stay and abeyance under *Rhines*.  Petitioner's motion for a stay and abeyance of this federal habeas corpus proceeding is granted.  Pinkston, through counsel, will need to file a motion to re-open the case after her state postconviction proceedings have concluded.  In light of the stay, respondents' motion to dismiss (ECF No. 72) is denied without prejudice.

**IT IS THEREFORE ORDERED** that petitioner is **GRANTED** a stay and abeyance (ECF No. 80).

4

**IT IS FURTHER ORDERED** that this action is **STAYED** pending final resolution of petitioner's postconviction habeas petition.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **forty-five (45) days** of the issuance of the remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the postconviction habeas petition.

**IT IS FURTHER ORDERED** that petitioner's second motion to extend time (ECF No. 77) is **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents' motion to dismiss (ECF No. 72) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the court grants a motion to reopen the matter.

DATED: 20 January 2016.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE