UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BARBARA A. PINKSTON,

Petitioner,

v.

SHERYL FOSTER, et al.,

Respondents.

Case No. 2:07-cv-01305-KJD-GWF

ORDER

This habeas matter comes before the court on respondents' motion to dismiss certain claims in petitioner Barbara A. Pinkston's counseled second-amended petition (ECF No. 87). Pinkston opposed (ECF No. 91), and respondents replied (ECF No. 93).

**I.    Procedural History and Background**

On September 19, 1997, a jury convicted Pinkston of first-degree murder with a deadly weapon (exhibit 49).[1] A separate penalty hearing was then held before a jury, and Pinkston was sentenced to life in prison with the possibility of parole, with a consecutive term of life with the possibility of parole for the deadly weapon enhancement. Exh. 52. Judgment of conviction was entered on November 7, 1997. Exh. 55.

The Nevada Supreme Court dismissed Pinkston's direct appeal on March 2, 2000. Exh. 62. The state district court conducted an evidentiary hearing on Pinkston's counseled, state postconviction habeas corpus petition and ultimately denied the

---

[1] Exhibits referenced in this order are exhibits to petitioner's first-amended petition, ECF No. 15, and second-amended petition, ECF No. 69, and are found at ECF Nos. 16-20 and ECF No. 70.

1

petition. Exhs. 82, 93. On June 27, 2007, the Nevada Supreme Court affirmed the denial of the state postconviction petition. Exh. 101.

Pinkston filed her federal habeas petition September 26, 2007 (ECF No. 1). This court appointed the Federal Public Defender as counsel for Pinkston (ECF No. 6).

This court granted a conditional writ of habeas relief on ground 3 – a claim that Pinkston was denied Fifth and Fourteenth Amendment due process because the trial court's jury instructions failed to adequately distinguish between the elements of malice aforethought, premeditation, and deliberation (ECF No. 42). The Ninth Circuit reversed in light of its decision several days earlier in *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013) and remanded for consideration of the remaining claims (ECF Nos. 67).

Pinkston's second amended petition sets forth the nine grounds from her first amended petition (with placeholder, as instructed by this court) and adds ground 10 (ECF No. 69). As ground 10, Pinkston contends that the Nevada Supreme Court violated her Fifth and Fourteenth Amendment due process rights when it failed to apply the rule announced in *Byford v. State*, 994 P.2d 700, 712 (Nev. 2000) to her case because *Byford* narrowed the scope of conduct that could be defined as premeditated murder before Pinkston's conviction became final. *Id.* at 45-47.

Pinkston returned to state court and filed a counseled, state postconviction petition raising ground 10, and this court granted a stay and abeyance (ECF No. 81). On April 14, 2016, the Nevada Supreme Court affirmed the denial of the second postconviction petition. Exh. 136. This court granted Pinkston's motion to reopen this action, and respondents now move to dismiss certain claims as procedurally barred or for failure to state a claim for which federal habeas relief may be granted (ECF Nos. 84, 87).

II.     **Instant Petition**

Respondents originally filed a motion to dismiss grounds 2, 3, 5, and 6 from the first-amended petition as procedurally defaulted (ECF No. 30). *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

As noted above, the second-amended (operative) petition sets forth the grounds from the first-amended petition and adds ground 10 (ECF No. 69). In this court's order granting the first motion to dismiss in part, the court deferred consideration of the procedural default defense as to these claims until after the filing of the answer and reply (ECF No. 33, pp. 7-8). The court stated in particular that ground 9 raised ineffective assistance of appellate counsel for failure to present federal grounds 2, 3, 5, and 6 to the Nevada Supreme Court as federal substantive claims. Therefore, the court deferred a decision on these grounds to the merits disposition. *Id.*

Respondents subsequently filed the answer to the remaining claims in the first-amended petition (ECF No. 35) and Pinkston replied (ECF No. 40). In this court's order adjudicating the merits of the first-amended petition the court only reached ground 3.

Now, as to the second-amended petition (which is the same as the first-amended petition but adds ground 10) respondents have renewed their arguments as to grounds 2, 3, 5, and 6; they also move to dismiss several grounds for failure to state a claim, and they argue that ground 9B3 as well as newly-added ground 10 are precluded by *White v. Woodall*, 134 S. Ct. 1697 (2014) and *Moore v. Helling*, 763 F.3d 1011 (9th Cir. 2014) (ECF No. 87).

Thus the second-amended petition stands briefed with the exception of ground 10. The court notes that the arguments that respondents raise in their current motion to dismiss regarding failure to state a claim are arguments that are more appropriately addressed in the context of the adjudication of the merits of the second-amended petition.

Thus, at this juncture, the parties shall file an answer and reply to ground 10 of the second-amended petition. Grounds 3 and 7 have been previously dismissed, and a decision as to the procedural default of grounds 2, 5 and 6 remains deferred.

### III. Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 87) is **DENIED** as set forth in this order

**IT IS FURTHER ORDERED** that respondents shall file their answer to ground 10 of the second-amended petition **forty-five (45) days** of the date of this order.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that petitioner's two motions for extension of time to file an opposition to the motion to dismiss (ECF Nos. 89, 90) are both **GRANTED** *nunc pro tunc*.

**IT IS FURTHER ORDERED** that respondents' motion for extension of time to reply in support of the motion to dismiss (ECF No. 92) is **GRANTED** *nunc pro tunc*.

DATED: 21 February 2018.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE